UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SCOTT CARROLL BOLTON,

Plaintiff,

v.

STATE OF WASHINGTON et al.,

Defendants.

CASE NO. C13-5639 RBL-JRC

ORDER TO FILE AN AMENDED COMPLAINT

The District Court has referred this action to United States Magistrate Judge J. Richard Creatura. The Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR3 and MJR4.

Plaintiff names the State of Washington and corporate officers of Lucent Technologies as defendants in this action (ECF No. 1, proposed complaint). Plaintiff alleges that his constitutional rights have been violated by his involuntary involvement in a scientific study that was conducted from 1979 through 2013 (*id.*). He alleges that the study was conducted by the state and Lucent Technologies (*id.*). Plaintiff has not placed any facts supporting his claim before

ORDER TO FILE AN AMENDED COMPLAINT - 1

1   the Court. Plaintiff has not explained the nature of the alleged scientific study or how the
2   corporate officers were acting under color of state law. Plaintiff has also named the state as a
3   defendant, rather than individual persons acting on behalf of the state. The Court needs more
4   information in order for the Court to determine if this action should be served.

5         To state a claim under 42 U.S.C. § 1983, at least three elements must be met: (1) the
6   defendant must be a person acting under the color of state law; and (2) the person's conduct must
7   have deprived plaintiff of rights, privileges or immunities secured by the constitution or laws of
8   the United States. *Parratt v. Taylor*, 451 U.S. 527, 535, (1981) (overruled in part on other
9   grounds); *Daniels v. Williams*, 474 U.S. 327, 330-31, (1986)P; and (3) causation *See Mt. Healthy
10  City School Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 286-87, (1977); *Flores v. Pierce*, 617 F.2d
11  1386, 1390-91 (9th Cir. 1980), cert. denied, 449 U.S. 875, (1980). When a plaintiff fails to allege
12  or establish one of the three elements, his complaint must be dismissed. That plaintiff may have
13  suffered harm, but this does not in itself necessarily demonstrate an abridgment of constitutional
14  protections. *Davidson v. Cannon*, 474 U.S. 344, 106 S. Ct. 668 (1986). Vague and conclusory
15  allegations of official participation in civil rights violations are not sufficient to withstand a
16  motion to dismiss. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992).

17        Plaintiff's complaint is vague and contains conclusory allegations. The Court orders
18  plaintiff to file an amended complaint that gives the Court the factual basis of his claim in more
19  detail and explains why the corporate officers were acting under color of state law. Plaintiff's
20  amended complaint must be filed on or before September 6, 2013. The amended complaint will
21  act as a complete substitute for the original and not as a supplement.

22
23
24

ORDER TO FILE AN AMENDED COMPLAINT -
2

1       Plaintiff's failure to comply with this order will result in the Court issuing a Report and

2 Recommendation that this action be dismissed prior to service and that the dismissal count as a

3 strike pursuant to 28 U.S.C. § 1915(g).

4       Dated this 14th day of August, 2013.

                                            J. Richard Creatura
                                            United States Magistrate Judge

ORDER TO FILE AN AMENDED COMPLAINT - 3