1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SCOTT CARROLL BOLTON,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>STATE OF WASHINGTON et al.<br><br>　　　　　　Defendants. | CASE NO. C13-5639 RBL-JRC<br><br>REPORT AND RECOMMENDATION<br><br>NOTED FOR:<br>NOVEMBER 1, 2013 |

The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge J. Richard Creatura. The Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and Magistrate Judge Rules MJR3 and MJR4.

The Court recommends dismissal of this action with the dismissal counting as an adjudication on the merits. The authority for the dismissal is Fed. R. Civ. P. 41(b). The Court also recommends denying all pending motions.

On August 14, 2013, the Court ordered plaintiff to file an amended complaint that named proper parties and gave the Court operative facts explaining his cause of action (ECF No. 6). Plaintiff's original complaint only states that plaintiff was the victim of an involuntary scientific

REPORT AND RECOMMENDATION - 1

1  experiment (ECF No. 5). Plaintiff names the State of Washington and John Doe employees of a
2  company called "Lucent Technologies" (*id*.). The Court ordered plaintiff to file his amended
3  complaint on or before September 6, 2013 (ECF No. 6).

4      Plaintiff has not complied with the Court's order and instead he has filed two motions
5  asking the Court to hold Snohomish County Jail in contempt because jail officials will not give
6  him access to the law library unless he has either a pending criminal case, or he is challenging
7  his conditions of confinement (ECF No. 7 and 8). The Court notes that Snohomish County is not
8  a named party to this action and has not been served.

9      Fed. R. Civ. P. 41 (b) states:

10     If the plaintiff fails to prosecute or to comply with these rules or a court
    order, a defendant may move to dismiss the action or any claim against it. Unless
11     the dismissal order states otherwise, a dismissal under this subdivision (b) and any
    dismissal not under this rule--except one for lack of jurisdiction, improper venue,
12     or failure to join a party under Rule 19--operates as an adjudication on the merits.

13     Plaintiff's failure to comply with the Court order to file an amended complaint is not
14 excused by his alleged problems accessing the Snohomish County Jail law library. Plaintiff
15 should have all the information he needed to comply with the Courts order. The operative facts
16 of plaintiff's case would not be found in legal treatise, but would be known to plaintiff. Paper
17 and pen or pencil were all that plaintiff needed to comply with the Court's order. His filing of
18 motions is evidence that plaintiff has pen and paper available. Accordingly, the Court
19 recommends dismissal of this action for failure to comply with a Court order. The Court also
20 recommends denying all pending motions.

21     Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have
22 fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P.
23 6. Failure to file objections will result in a waiver of those objections for purposes of de novo
24

1  review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit

2  imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on

3  November 1, 2013, as noted in the caption.

4       Dated this 4th day of October, 2013.

                                              J. Richard Creatura
                                              United States Magistrate Judge